## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

RHYMI GRANT, KARL SIMMONS,                                    CIVIL ACTION
WILLIE FRANCOIS, SONYA SAIZAN,
WANDA LAND AND WILLIAM ALEXANDER

**VERSUS**                                                        **NO. 07-9083**

**STATE FARM INSURANCE COMPANY**                                  **SECTION "C" (2)**

### ORDER AND REASONS

The Court ordered the parties to submit memoranda concerning whether the amount in controversy was met at the time of removal and whether the action should remain as one or be severed into six separate actions. The parties timely submitted their memoranda to the Court. For the following reasons, the Court remands the action.

### I.    BACKGROUND

Plaintiffs are all owners of residences in New Orleans, Louisiana which were damaged during Hurricane Katrina. Plaintiffs originally filed the action in the Civil District Court, Parish of Orleans, claiming that at all relevant times, each Plaintiff had a homeowner's insurance policy with State Farm Insurance Company. Plaintiffs all claim that their respective properties were damaged by wind and rain "prior to any flooding of the area." Plaintiffs' Petition for Damages alleges that they are seeking coverage for: (1) Additional Living Expenses; (2) Property Damage; (3) Inconvenience; (4) Damage to Contents; and (5) Other Structures. However, Plaintiffs allege that they "do not believe that their damages will exceed $70,000.00 exclusive of interest and court costs." In addition to coverage amounts, Plaintiffs also seek statutory penalties and attorney's fees for State Farm's alleged failure to timely adjust the claims and because of their alleged bad faith.

State Farm removed the action to this Court. With regard to the amount in controversy, State

Farm alleges that it is "facially apparent" from the petition that the amount in controversy exceeds $75,000.00 exclusive of interest and costs because Plaintiffs allege State Farm failed to pay the face value of the policies.  In addition, the Plaintiffs seek statutory penalties and attorney's fees.  State Farm's notice of removal provides that Plaintiff, Willie Francois, had a policy providing approximately $90, 000 in coverage, none of which was paid at the time of removal.  State Farm submits that Plaintiffs' statement in their Petition for Damages that the damages will not exceed $70,000 provides no benefit because they have failed to enter into a binding stipulation renouncing all rights to damages in excess of $75,000 or that they will not seek to enforce any judgment in excess of $75,000.  Based upon the lack of appropriate language in their statement in the Petition and the fact that at least one Plaintiff's policy limits exceeds $75,000, Defendant's notice of removal submits that the action was properly removed to this Court.

In accordance with this Court's order, the parties submitted their memoranda on the issue of whether or not the amount in controversy was satisfied.  Plaintiffs argue they specifically pled that

their damages do not exceed the $70,000 and therefore, it is not facially apparent from their Petition for Damages that the at the time of removal that this Court had jurisdiction.  Further, Plaintiffs suggest that a stipulation is not needed in this instance because they pled that their damages will not exceed $70,000.  Plaintiffs argue that post-removal affidavits and stipulations are needed only when the basis for jurisdiction is ambiguous at the time of removal; therefore, there was no need for Plaintiffs to execute such documents since they expressly state that the amount in controversy does not exceed the jurisdictional amount.  On the issue of severance, Plaintiffs acknowledge that there is some degree of difference between the amount of damages sustained by each Plaintiff; however,

they argue the case should not be severed because there is a common element of damages, namely penalties and attorney's fees under LSA-R.S. § 22:658(A)(4).

Defendant's memorandum asserts that it did not issue either a flood or homeowner's policy to the following Plaintiffs: Rhymi Grant; Karl Simmons; Wanda Lang; and William Alexander. State Farm further asserts that it did not insure the premises where these Plaintiffs resided when Hurricane Katrina made landfall.  Defendant requests that the action by these Plaintiffs against it be dismissed because they have no claim against State Farm.

As to Plaintiff, Sonja Saizan, State Farm submits that it did not issue a homeowner's policy to her but it did issue a flood policy with dwelling coverage limits of $85, 500.  State Farm submits it paid Sonja Saizan the full policy limits in October 11, 2005.  In light of this payment, State Farm argues that Sonja Saizan has no possible claim against State Farm and her claims should be dismissed.

State Farm contends that only Willie Francois had a homeowner's policy with it at the time Hurricane Katrina made landfall for the property located at 1728 Charbonnet Street, New Orleans, La.  State Farm did not provide a flood policy to Mr. Francois.  State Farm urges that Mr. Francois's policy has the following coverages: $54, 587.00 for dwelling; $5, 459.00 for dwelling extensions; $30, 023.00 for contents and Per Contract for Additional Living Expenses.  As of May 8, 2008, State Farm provides that it has not paid Mr. Francois any amounts under the policy.  State Farm argues that it has met its burden in showing, by a preponderance of the evidence, that the amount in controversy is in excess of $75,000 because there is over $90,0000 in policy limits remaining, before calculating the statutory penalties and attorney's fees.  In adding the statutory penalties, State Farm contends the amount in controversy sores even higher.  While State Farm submits no documentation

regarding the amount of the claim, it does "assume" that Mr. Francois is seeking full policy limits.[1]

## II.     LAW AND ANALYSIS

### A.     SEVERANCE

Under FRCP 21, a district court has "broad discretion" to sever improperly joined parties. *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir.1994); *see also Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir.2000).  To determine whether parties were properly joined under Rule 20(a), a district court must consider (1) whether the right to relief arises "out of the same transaction, occurrence, or series of transactions or occurrences," and (2) whether there is a question of law or fact common to all of the plaintiffs that will arise in the action. FRCP 20(a). Both requirements must be met for the parties to be properly joined. *See Porter v. Milliken & Michaels, Inc.*, 2000 WL 1059849, * 1 (E.D.La. 2000).

In *Accardo v. Lafayette Insurance Company*, Judge Vance found that the mere fact that Hurricane Katrina's winds and rains affected two or more properties that are the subject of the same lawsuit does not make the insurance claims made on those properties proper for joinder under Rule 20(a).  2007 WL 325368, *6 n. 8 (E.D.La. 2007). In that case, the plaintiffs, who were eighteen homeowners in St. Bernard Parish, sued their respective insurance providers for breach of their insurance policies and bad faith claims-handling under LSA-R.S. §§ 22:658 and 22:1220. The Court severed those claims by property owners because there was not sufficient commonality among the claims to warrant joinder in the same case. *Id*. at *5. As the Court stated in *Accardo,* "Under the plaintiffs' theory, virtually all claims against an insurance company by any homeowner who

---

[1] State Farm points out that Mr. Francois has retained Copeland & Company to ascertain the exact amount of damage being asserted; however, as of May 8, 2008, that estimate was not received by State Farm so they argue they were left with no alternative but to "assume that plaintiff...is seeking full policy limits plus penalties and interest...".

sustained damage in Hurricanes Katrina and/or Rita could be joined together in a lawsuit, so long as the homeowners reside in a generally similar location." *Id.*

Other courts in the Eastern District of Louisiana and Southern District of Mississippi have found that simply because Hurricane Katrina caused the damage in question is not sufficient, without more, to satisfy the common transaction or occurrence requirement in Rule 20(a). Typically, these courts have ordered that the plaintiffs' claims be severed due to the fact that the claims did not arise from the same transaction or occurrence. *See, e.g., Sucherman v. Metropolitan Prop. & Cas. Ins. Co.*, 2007 WL 1484067 (E.D.La. 2007); *Cresson v. State Farm Fire & Cas. Co.*, 2007 WL 1191817 (E.D. La. 2007) ; *Campo v. State Farm Fire & Cas. Company,* 2007 WL 2155792 (E.D. La. 2007); *Rohr,* 2007 WL 163037; *Vaz v. Allstate Prop. & Cas. Co., Civ.* 2006 WL 2583733 (S.D.Miss. 2006).; *Bradley v. Nationwide Mutual Ins. Co.*, 2006 WL 2594548, *2 (S.D.Miss. 2006); *Comer v. Nationwide Mutual Ins. Co.*, 2006 WL 1066645, *1 (S.D.Miss. 2006).

In *Sucherman*, the court was faced with the situation of several plaintiffs alleging that they suffered damages to their respective homes as a result of Hurricane Katrina. 2007 WL 1484067 at * 1. Each plaintiff held homeowners' insurance policies with the defendant and sued for breach of contract and bad faith under Louisiana Revised Statutes §§ 22:658 and 22:1220. *Id.* Relying *Accardo*, the court held that the plaintiffs could not rely on the fact that Hurricane Katrina caused damage to all of their properties as a basis for joining their claims against the defendant. *Id.* at *2. Because each claim involved different factual and legal issues, the claims did not arise out of the same transaction and occurrence. *Id.*

This Court is persuaded by the reasoning of the other courts in and around this district which have considered this issue and concludes that the Plaintiffs have failed to satisfy the common

transaction or occurrence requirement of Rule 20(a). The only common elements between the Plaintiffs' claims are that their claims arise from damages caused by Hurricane Katrina and that each Plaintiff allegedly had a separate insurance policy with the Defendant. These two similarities can not serve as a common transaction or occurrence because Hurricane Katrina effected each property differently, each property was different with respect to its prior condition, and each property was covered by a separately negotiated insurance policy.

Nevertheless, while the Court finds that severance of this matter is appropriate, the Court declines to do so in light of State Farm's allegations that four out of the six Plaintiffs did not have policies with State Farm at the time of Hurricane Katrina.  Given that these Plaintiffs have not come forward with evidence demonstrating that they had insurance with State Farm at the time Hurricane Katrina made landfall and have not responded to State Farm's response that they were not insured at that time, the Court dismisses the claims of Rhymi Grant, Karl Simmons, Wanda Lang, William and Alexander without prejudice.  Dismissal at this point in the litigation is favored to severance as it prevents the wastefulness of judicial resources and is in the interest of judicial economy and efficiency.

Sonja Saizan likewise did not have a homeowner's policy with State Farm at the time Hurricane Katrina made landfall but instead had a policy of flood insurance with that company.  The Petition for Damages asserts that the Plaintiffs are seeking coverage for wind and rain damage covered by their homeowner's policies only.  This Plaintiff has put forth no evidence demonstrating that she had a homeowner's policy with State Farm for wind and fire losses as the time of Hurricane Katrina and her claims are dismissed without prejudice for the same reasons stated *supra*.

### B.      AMOUNT IN CONTROVERSY

28 U.S. C. § 1447 ( c) provides, in pertinent part: "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction the case shall be remanded." Accordingly, the Court has the power *sua sponte* to review whether federal jurisdiction exists.  It is with this review of jurisdiction in mind, that the Court requested the parties to file briefs addressing whether this matter should remain in federal court.  After review, the Court finds that the matter shall be remanded.

Parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc*., 193 F.3d 848 (5th Cir.1999). Bare assertions by the removing party are insufficient to vest a federal court with jurisdiction. *Asociacion Nacional De Pescadores A Pequena Escala O. Artesanales De Colombisv. Dow Quimica De Colombia*, S.A., 988 F.2d 559 (5th Cir.1993), cert. denied, 510 U.S. 1041, 114 S.Ct. 685, 126 L.Ed.2d 653 (1994). The removing defendant bears the burden of demonstrating that federal jurisdiction exists and, therefore, that removal is proper.  *Howery v. Allstate Ins. Co.,* 243 F. 3d 912, 916 (5th Cir. 2001).  The removal statute is strictly construed in favor of remand and any ambiguities should be construed against removal.  *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 U.S. 720, 723 (5th Cir. 2002).

Typically, when a plaintiff alleges a damage figure in excess of the required amount in controversy, that amount controls if made in good faith.  *Valobra v. State Farm Fire & Casualty Co.*, No. CIV.A.06-3278, 2006 WL 2710461, at *1 (E.D. La. 2006) *citing St. Paul Mercury Idem. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938).  Similarly, if a plaintiff pleads damages less than the jurisdictional amount, this figure will also control, generally barring removal .  *Id.; See also Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

Louisiana law does not permit a plaintiff to plead a specific amount of money damages. *See*

*Atkins v. Lexington Insurance Co.*, No. CIV.A.06-1254, 2006 WL 1968895, at *2 (E.D. La. 2006). Therefore, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id. citing Simon*, 193 F.3d at 850.  A defendant satisfies this burden either by showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied. *Id. citing Allen*, 63 F.3d at 1335.  When the "facially apparent" test is not met, it is appropriate for the Court to consider summary-judgment type evidence relevant to the amount in controversy as of the time of removal.  *Allen*, 63 F. 3d at 1336.   In considering whether the defendant has met its burden, "it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy." *Franklin v. State Farm Ins. Co.*, 2006 WL 2925513, at *2 (E.D. La. 2006) *citing Atkins v. Lexington Ins. Co.*, 2006 WL 1968895 (E.D. La. 2006).  In determining whether removal jurisdiction exists, the district court must consider the claims made in the state court petition as they existed at the time of removal.  *Manguno,* 276 F. 3d at 723.

In those instances where the requisite jurisdictional amount is ambiguous or uncertain at the time of removal, post-removal affidavits or stipulations sometimes can be relevant.  *Asociacion Nacional De Pescadores,* 988 F.2d at 565.  When, on the other hand, the amount in controversy is clear from the fact of the complaint, post-removal stipulations purporting to reduce the amount of damages plaintiffs seek cannot deprive the Court of jurisdiction.  *Gebbia v. Wal-Mart Stores, Inc*., 233 F. 3d 880, 883 (5th Cir. 2000).

Removal jurisdiction is strictly construed.  *See e.g., Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc*., 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil,*

*§ 3721.* When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, § 3739.

Although Willie Francois did not claim a specific amount of monetary damages in the Original Petition for Damages, he, along with the other Plaintiffs, did attest that he did not believe that his damages exceeded $70,000.  *See* Exhibit "A" attached to Rec. Doc. 1.  State Farm removed the matter, regardless of this affirmation arguing, pursuant to Judge Vance's decision in *Davis, et al. v. State Farm, et al.*, 2006 WL 2192847 (E.D. La. 2006), that this statement is not enough sufficient because it is not a "binding stipulation" providing that Plaintiffs expressly renounced and disclaim any judgment that may be rendered in excess of $75,000.

Judge Vance's *Davis* decision relied upon Judge Engelhardt's decision in *Engstrom v. L-03 Communications Gov't Svcs. Inc.*, 2004 and WL 2984329 (E.D. La. 2004) as well as her prior decision in *Crosby v. Lassen Canyon Nursery, Inc.*, 2003 WL 22533617 (E.D.La. 2003).  In all three of those cases, the courts held, in sum, that unless the stipulation in the state court complaint or in an affidavit or in another stipulation attached thereto, the plaintiff affirmatively renounces the right to accept judgment in excess of $75,000, then his pre-removal state court stipulations and pleadings will not be binding even if he states he will not seek damages in excess of the jurisdictional minimum.  This Court has rejected that higher standard and consistently ruled that a stipulation such as that contained in the Petition herein compels remand in the absence of affirmative proof that the plaintiff's claim exceeds the jurisdictional amount.  *Bowers v. State Farm Fire & Cas. Co.* 2007 WL 1551003, *1 (E.D. La. 2007).  Accordingly, the Court rejects State Farm's argument and construes the Plaintiff's stipulation as "binding."

Defendant argues that the it has met its burden because there is over $90,000 in coverage

9

available under the policy and this amount, coupled with the potential claim for attorney's fees and penalties, meets the jurisdictional minimum. However, the value of the claim, not the value of the underlying policy determines the amount in controversy. *Franklin*, 2006 WL 2925513 * 2. Further, while State Farm "assumes" that Plaintiff is seeking the full value of the policy, it states that it has received no estimate to date and produces no documentation in support of its claim that Mr. Francois' claim is worth the full value of the policy. To the extent that the Petition references Louisiana's Valued Policy Law, LSA- Rev.Stat. § 22:695(A), again, it is the amount of the Plaintiff's claim, and not the policy limits, which determines whether the jurisdictional minimum existed at the time of removal

In sum, given Mr. Francois stipulation in the Petition for Damages, it is not facially apparent that the amount in controversy was met at the time of removal. Further, Defendant has failed in providing summary-judgment type evidence demonstrating that the value of Mr. Francois' claim meets or exceeds the jurisdictional limit of this Court at the time the case was removed. It is State Farm's burden to prove that, at the time of removal, this Court had jurisdiction over the case. State Farm failed to meet that burden and in accordance with 28 U.S.C. § 1447 ( c), the Court remands the remaining claim of Willie Francois to state court.

Accordingly,

**IT IS ORDERED** that the claims of Rhymi Grant, Karl Simmons, Sonya Saizan, Wanda Lang and William Alexander are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the sole remaining claim of Willie Francois is

**REMANDED** to the Civil District Court, Parish of Orleans.

New Orleans, Louisiana, this 25th day of June, 2008.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**

11